**Seble WORKU, Petitioner,**

v.

**Michael B. MUKASEY \*, Attorney General, Respondent.**

**No. 04–71230.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 6, 2007.

Filed Feb. 26, 2008.

Bea, Circuit Judge, filed dissenting opinion.

General of the United States, pursuant to Federal Rule of Appellate Procedure 43(c)(2).

Tucker Sandler, Mann & Cook, Los Angeles, CA, for Petitioner.

CAC—District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Mary Jane Candaux, Rosanne M. Perry, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Edward J. Duffy, Washington, DC, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, Owen P. Martikan, USSF—Office of the U.S. Attorney, San Francisco, CA, for Respondent.

Before: BRIGHT **, PREGERSON, and BEA, Circuit Judges.

MEMORANDUM ***

Seble Worku petitions for review of the Board of Immigration Appeals' ("BIA") order summarily affirming the Immigration Judge's ("IJ") decision denying Worku asylum.[1] The IJ found Worku statutorily eligible for asylum, however, the IJ denied Worku asylum on discretionary grounds because of Worku's membership in the political organization, Oromo Liberation Front ("OLF").

This Court has jurisdiction pursuant to 8 U.S.C. § 1252(b). We hold that the IJ abused its discretion in failing to balance all relevant factors in favor of and against granting asylum and therefore VACATE the judgment of the BIA and REMAND for further consideration.

I

Worku is a native and citizen of Ethiopia.[2] She is of Oromo ethnicity and while in Ethiopia belonged to the OLF, a political organization which defends the rights of and works to establish an independent nation for the Oromo people. Security agents arrested Worku several times because of her work for the OLF. After learning from her family that she

---

** The Honorable Myron H. Bright, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1. In its opposition papers, the Government argued that Worku failed to raise an objection to the IJ's discretionary ruling in her opening brief and therefore waived the right to appeal

the issue. At oral argument, however, the Government conceded that Worku raised this issue. We agree. The issue therefore is properly before us.

2. Because the IJ found Worku credible, we accept as true the testimony given by Worku at the immigration hearing. *Mamouzian v. Ashcroft,* 390 F.3d 1129, 1133 (9th Cir.2004).

would be arrested and killed if security agents found Worku, she fled the country and entered the United States using a fake passport.

On May 29, 2001, Worku filed her request for asylum with the Immigration and Naturalization Service ("INS"). The INS served Worku with a Notice to Appear. Worku petitioned the IJ for asylum, withholding from removal, and for relief under CAT. After a hearing lasting several days, the IJ held Worku ineligible for asylum as a matter of discretion. The IJ also denied Worku relief under CAT but granted her withholding from removal.[3]

## II

When the BIA affirms the IJ's judgment without opinion, this Court reviews the IJ's decision as it would that of the BIA. *Gulla v. Gonzales*, 498 F.3d 911, 915 (9th Cir.2007); *Mamouzian v. Ashcroft*, 390 F.3d 1129 (9th Cir.2004). We review the Attorney General's decision to grant or deny asylum to an eligible applicant for abuse of discretion. 8 U.S.C. § 1252(b)(4)(D); *Gulla*, 498 F.3d at 915.

## III

The Attorney General has discretion to grant asylum to an alien who has applied for asylum. 8 U.S.C. § 1158; *Kalubi v. Ashcroft*, 364 F.3d 1134, 1137 (9th Cir. 2004). The grant of asylum is a two-step process: First, the applicant must establish eligibility for asylum by demonstrating that she meets the statutory definition of a "refugee," and second, the applicant must show entitlement to asylum as a matter of discretion. *Kalubi*, 364 F.3d at 1137. The IJ may deny asylum as a matter of discretion notwithstanding the IJ's determination that the applicant is statutorily eligible for asylum.

This Court has repeatedly held that in exercising its discretion the IJ *must* consider and weigh all relevant favorable and adverse factors. *Kalubi*, 364 F.3d at 1139; *Mamouzian*, 390 F.3d at 1138 (reversing IJ discretionary denial of asylum because the IJ failed to balance all favorable and adverse factors). Conclusory statements simply denying asylum as a matter of discretion are inappropriate, "the IJ must explain sufficiently how each factor figures in the balance so the court can determine that the factor has been heard, considered, and decided." *Gulla*, 498 F.3d at 916.

While there is no definitive list of factors which the IJ must consider, this Court has held that the IJ should consider the context in which the applicant sought asylum, evidence of past persecution, and humanitarian reasons for granting asylum. *See Gulla*, 498 F.3d at 919 (holding that the IJ should have considered the fact that the applicant had been beaten and tortured before entering the United States, and that if ordered to return to Iraq, the applicant testified he would instead seek a way to end his life rather than face the torture and death which awaited him in Iraq); *Rodriguez–Matamoros v. INS*, 86 F.3d 158, 161 (9th Cir.1996) ("[H]umanitarian reasons may also influence the favorable exercise of discretion in some cases."); *Kalubi*, 364 F.3d at 1139 (holding that the applicant's mere membership in SNIP, a terrorist organization, insufficient to render him statutorily ineligible for refugee status, but relevant to the IJ's discretionary determination).

■ Here, in denying asylum as a matter of discretion, the IJ considered *one* factor—the OLF's suspected use of landmines, which according to the State Department's Report caused civilian deaths

---

**3.** Worku does not challenge the IJ's ruling     denying her relief under CAT.

and injuries.[4] The IJ did not give any consideration whatsoever to other relevant factors such as Worku's past persecution.[5] We therefore conclude that the IJ abused its discretion in denying Worku asylum because the IJ did not properly consider all relevant factors weighing in favor of and against granting asylum. *See Gulla* 498 F.3d at 919 (determining the IJ abused its discretion in failing to balance all factors in favor of a discretionary grant of asylum against those factors which weighed against a discretionary grant); *Mamouzian,* 390 F.3d at 1138 (same).

## IV

Because we determine that the IJ abused its discretion in failing to balance all relevant factors, we **VACATE** the judgment of the BIA and **REMAND** for further proceedings consistent with this order.

BEA, Circuit Judge, dissenting:

Because the IJ's decision—read as a whole—demonstrates he considered all relevant factors before making his discretionary decision to deny Worku's asylum claim, I respectfully dissent. The majority states the "IJ did not give any consideration whatsoever to other relevant factors such as Worku's past persecution."[1] Not so. The IJ discussed Worku's past persecution at length in his opinion, concluding Worku had credibly established both that

she had been the subject of past persecution, and she had a well-founded fear of future persecution. Based on this conclusion, the IJ found Worku statutorily eligible for asylum. The IJ further found Worku eligible for withholding of removal, because it appeared "rather clear, in fact, overwhelming from reading the State Department report, that an OLF member, once detected, would be incarcerated and mistreated." Thus, the IJ not only considered Worku's testimony regarding her past persecution, but he also gave it sufficient weight to merit a determination she was statutory eligible for asylum and withholding of removal.

Despite this evidence of past and likely future persecution, however, the IJ denied Worku's asylum claim as a matter of discretion due to her membership in the OLF—and organization that, according to the State Department Country Report, has killed innocent civilians through its use of land mines.[2] Although Worku's membership in this organization did not render her statutorily ineligible for asylum, the IJ properly considered Worku's involvement in the OLF as a relevant factor in his discretionary asylum determination. *See Kalubi,* 364 F.3d at 1139.

Notwithstanding the IJ's extensive discussion of Worku's past persecution, the majority appears to fault the IJ for not explicitly incorporating this discussion into

---

4. While the report may contain relevant and helpful information about the OLF's activities, it is not conclusive. Indeed, the IJ's reliance on the report is puzzling because the IJ expressed concerns about the report's usefulness at the hearing. Furthermore, Worku testified that she did not know of or participate in the OLF's alleged use of landmines and the IJ found her credible.

5. Because Worku was granted withholding of removal, future persecution was irrelevant to the IJ's inquiry. *Kalubi,* 364 F.3d at 1141.

1. Other than past persecution, Worku cites no additional factors the IJ should have considered in making his discretionary decision to deny asylum.

2. Which, I suppose, is one way it "defends the rights of and works to establish an independent nation for the Oromo people." Maj. at 524.

the portion of his opinion in which he denied Worku's asylum claim as a matter of discretion. Under this court's precedent, the IJ is not required to incorporate previous portions of his opinion into later portions of the same opinion, as if he were a plaintiff preparing a complaint containing multiple causes of action (*e.g.*, "I hereby incorporate the discussion of past persecution contained in paragraphs 14–23 of this oral opinion into the next section of the opinion."). Instead, the IJ's decision must demonstrate he has "heard, considered, and decided" the petitioner's asylum claim based on all relevant factors. *See Kalubi v. Ashcroft*, 364 F.3d 1134, 1140–41 (quoting *Rodriguez–Matamoros v. INS*, 86 F.3d 158, 160 (9th Cir.1996)). Here, the IJ's decision satisfies this requirement. Thus I would deny Worku's petition.